**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | **CASE NO:** |
| | : | **7:24-cr-34—WLS-ALS-1** |
| **JUAN CARLOS POPOCA,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is the Defendant's Motion to Continue (Doc. 153) ("Motion"). Therein, Defense Counsel requests a continuance of the trial from the November 2025 Valdosta trial term for a reasonable time. Counsel needs additional time to discuss a plea agreement recently received with the Defendant. Defense Counsel further states the ends of justice require the continuance and that the period of the continuance be excludable under the Speedy Trial Act. 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 153) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division February 2026 Trial Term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice and would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 2nd day of September 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**